UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AMIR H. LITTLE,

        Plaintiff,

   v.

EQUIFAX INC., *et al.*,

        Defendants.

No. 1:22-cv-6541

**OPINION**

**APPEARANCES**:

Amir H. Little
485 Deptford Ave, Apt 601
Westville, NJ 08093

   *Pro se.*

Dorothy A. Kowal
Jacqueline E. Lasher
PRICE, MEESE, SHULMAN & D'ARMINIO, PC
50 Tice Boulevard
Woodcliff Lake, NJ 07677

   *On behalf of Defendant Experian Information Solutions, Inc.*

**O'HEARN, District Judge.**

This matter comes before the Court on a Motion for Summary Judgment ("Motion") by Plaintiff Amir H. Little ("Plaintiff"), (ECF No. 60), and a Cross-Motion for Summary Judgment ("Cross-Motion") by Defendant Experian Information Solutions, Inc.[1] ("Defendant"), (ECF No. 61). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Plaintiff's Motion is **DENIED**, and Defendant's Cross-Motion is **GRANTED**.

## I.    BACKGROUND[2]

### A.  Defendant As a CRA and Its Procedures

Defendant is a consumer reporting agency ("CRA") as defined by the Fair Credit Reporting Act ("FCRA"). (Defs. SOMF, ECF No. 61-1 at ¶ 5). In its capacity as a CRA, Defendant collects credit information furnished to it by various sources of information such as banks, credit unions, creditors, and merchants. (*Id.* at ¶ 6). Under the FCRA, these sources are known as "furnishers of information." (*Id.*). These furnishers of information "execute a subscriber agreement [with Defendant], which requires that they comply with the FCRA, including that they provide only accurate information to [Defendant] and investigate consumer disputes that [Defendant] submits." (*Id.* at ¶ 9). Defendant only accepts information from furnishers of information that it deems "reasonably reliable" based on either "its prior experience" with the furnisher or the furnisher's reputation. (*Id.* at ¶ 7). Defendant considers Bank of America, First Premier Bank, Macy's,

---

[1] Defendant is incorrectly identified in the Complaint as "Experian." (Compl., ECF No. 1 at 2; Cross-Motion, ECF No. 61-2 at 1).

[2] Plaintiff failed to submit a response to Defendant's Statement of Material Facts, and thus they are deemed undisputed for purposes of the Cross-Motion pursuant to Local Rule 56.1. Further, while Plaintiff submitted a Statement of Material Facts, his facts comprised of legal arguments and conclusions of law in violation of Local Rule 56.1, and did not contain proper citations to the record.

Chrysler Capital, and Nordstrom/TD Bank "reasonably reliable" furnishers of information. (*Id.* at ¶ 8).

To ensure the accuracy of information included in a consumer's credit file, Defendant has a multitude of procedures in place which include the following:

> (1) working with credit grantors to ensure that they supply the most complete and accurate data possible; (2) subjecting all incoming data to numerous systems and checks designed to prevent errors; (3) continually reviewing and refining [their] computer systems in an ongoing effort to assure [the] maximum possible accuracy of information that [it] reports; and (4) working with consumers to proactively prevent errors in consumer reports.

(*Id.* at ¶ 13). Defendant also maintains procedures to assure that it conducts "reasonable reinvestigations" when information is disputed by consumers. (*Id.* at 14). When a consumer contacts Defendant and disputes the accuracy or completeness of information contained in its file, Defendant reviews any information received from the consumer to assess whether a change can be made based on that information. (*Id.* at ¶ 15). If the information supports making a change, Defendant will do so. (*Id.* at ¶ 16). If not, Defendant will contact the source of the disputed information, describe the consumer's dispute, and "request a response concerning the accuracy of the disputed item through the use of an 'Automated Consumer Dispute Verification' ('ACDV') form." (*Id.* at ¶ 17). If the furnisher returns the ACDV form and verifies the information, Defendant will typically leave the account as is. (*Id.* at ¶ 22). But if the furnisher instructs Defendant to delete the item or change it in some manner, Defendant will do so. (*Id.* at ¶ 18). Results of the reinvestigation, including a summary reflecting the status of each disputed item, are typically sent to the consumer afterwards. (*Id.* at ¶ 23).

### B. Plaintiff's Credit Dispute

On July 27, 2022, Defendant received a dispute letter from Plaintiff indicating that certain credit accounts (i.e., Bank of America, First Premier Bank, Macy's, Chrysler Capital, and

3

Nordstrom/TD Bank (collectively, "Disputed Accounts")), and certain inquiries (i.e., Sallie Mae Bank, Elan Financial, TD Bank, and College Ave/First Trust) on his credit file were inaccurate (the "Dispute Letter"). (Defs. SOMF, ECF No. 61-1 at ¶¶ 3, 24). The Dispute Letter did not include specific details about the disputes, but instead alleged in conclusory fashion "The Law Has been Broke," and proceeded to list a number of FCRA sections purportedly violated by Defendant. (*Id.* at ¶ 24). Although, Plaintiff failed to provide a factual basis for the disputes, Defendant conducted a reinvestigation by issuing ACDV forms, accompanied by an image of the Dispute Letter, to issuers of all of the Disputed Accounts except for Nordstrom/TD Bank. (*Id.* at ¶ 26). In response to the ACDV forms, Bank of America, First Premier Bank, Macy's, and Chrysler Capital responded that the disputed account information had been verified. (*Id.* at ¶ 27). Defendant did not submit an ACDV form to Nordstrom/TD Bank information in response to Plaintiff's Dispute Letter because it had "previously processed this dispute and the credit grantor [ ] [had already] verified its accuracy." (*Id.* at ¶ 30).

On August 5, 2022, Defendant sent Plaintiff a dispute results letter outlining the results of its investigation. (*Id.* at ¶¶ 3, 28). The letter also included the following explanation in regard to the disputed inquiries:

> [Defendant] is required by federal law to keep a record of all companies that have requested your credit information and to display the names of the requesting companies to you. [Defendant] generates the information listed in the inquiry section from its own business records, which it has verified as accurate.

(*Id.* at ¶ 29). And, the letter included an explanation as to the manner in which Defendant conducted its reinvestigation. (*Id.* at ¶ 32).

II.     **PROCEDURAL HISTORY**

On November 9, 2022, Plaintiff commenced this action asserting violations of the FCRA,

4

15 U.S.C. § 1681 *et seq.*, against Defendants Equifax, Trans Union, and Experian.[3] (ECF No. 1 at 2). Plaintiff seeks compensatory and punitive damages. (*Id.* at 4). Plaintiff filed his Motion on May 15, 2024, (ECF No. 60), which Defendant opposed on June 17, 2024, (ECF No. 64). Defendant filed its Cross-Motion on May 20, 2024, (ECF No. 61). Plaintiff did not file an opposition. While Defendant's Cross-Motion is technically unopposed, considering Plaintiff's *pro se* status, the Court will consider the arguments raised in Plaintiff's Motion as opposition to Defendant's Cross-Motion.

### III. JURISDICTION

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FCRA.

### IV. LEGAL STANDARD

**Federal Rule of Civil Procedure 56**

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment when "a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his

---

[3] Stipulations of Dismissal were filed as to Defendants Equifax and Trans Union on April 7, 2023 and April 11, 2023, respectively. (ECF Nos. 24, 26). Experian is the only remaining defendant.

5

favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once met, the burden shifts to the nonmoving party to "go beyond the pleadings and by h[is] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotations and citation omitted). To withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249–50). Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322.

V.  **DISCUSSION**

While not entirely clear, it appears Plaintiff's claims are premised on the reporting of the Disputed Accounts identified in his Dispute Letter, and certain inquiries included in his credit file. (Defs. SOMF, ECF No. 61-1 at ¶¶ 3, 24). The Dispute Letter, however, did not include any factual details regarding the basis of the disputes or explain how the information was inaccurate. (*Id.* at ¶ 24). Instead, it generally alleged that "The Law Has been Broke," and listed several sections of the

FCRA. (*Id.*). Though Plaintiff now moves for summary judgment, he has proffered no further factual evidence in support of his FCRA claims. (*See generally* Motion, ECF No. 60). Defendant argues that it is entitled to summary judgment because the information contained in Plaintiff's credit file is accurate. (Cross-Motion, ECF No. 61-2 at 9–11). Further, Defendant maintains that even if the information were inaccurate, Plaintiff has failed to proffer factual evidence sufficient to establish his Section 1681i(a),1681e(b), and 1681s claims. (*Id.* at 11–15).

### A. FCRA

The FCRA "was crafted to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (citation omitted). Congress created the FCRA as a remedial statute, assuring that the statute must be read liberally in favor of consumers. *Id.* The FCRA places certain procedural and substantive obligations on CRAs. Specifically, CRAs must "maintain reasonable procedures" to "assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Further, Section 1681i(a) requires a CRA to "conduct a reasonable reinvestigation" in response to a consumer's dispute regarding "the completeness or accuracy of any item of information contained in a consumer's file[.]" 15 U.S.C. § 1681i(a)(1)(A).

### B. Defendant is Entitled to Summary Judgment

#### 1. Plaintiff Fails to Show Inaccurate Information in His Credit File

To state a violation of Section 1681e(b), a plaintiff must allege: (1) inaccurate information was included in his credit report; (2) the inaccuracy was due to the CRA's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury;

7

and (4) the consumer's injury was caused by the inclusion of the inaccurate entry. *Cortez*, 617 F.3d at 708 (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). Under Section 1681i-a(1), after receiving notice of a dispute from a consumer, a CRA must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item." 15 U.S.C. § 1681i-a(1). A consumer reporting agency is liable for failing to reinvestigate under Section 1681i if it "had a duty to do so, and . . . would have discovered a discrepancy had it undertaken a reasonable investigation." *Cortez*, 617 F.3d at 713 (citing *Cushman v. Trans Union Corp.*, 115 F.3d 220, 226 (3d Cir. 1997)).

To proceed under Section 1681e(b) or 1681i(a), a plaintiff must show inaccuracy as a threshold matter. *Bibbs v. Trans Union LLC*, 43 F. 4th 331, 344–45 (3d Cir. 2022); *Cheadle v. Experian*, No. 20-18183, 2023 WL 2213996, at *3 (D.N.J. Feb. 23, 2023); *Lieberman v. Am. Express Co.*, No. 19-6989, 2020 WL 5517271, at *1 (E.D.N.Y. Sept. 14, 2020) (noting a showing of inaccuracy is essential when considering claims under Sections 1681e(b) and 1681i(a)); *Covington v. Equifax Info. Servs., Inc.*, No. 18-15640, 2019 WL 4254375, at *4 (D.N.J. Sept. 9, 2019). Thus, accuracy is a defense to claims brought under Sections 1681e(b) or 1681i(a). *See Dalton v. Cap. Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001); *Shannon v. Equifax Info. Servs. LLC*, 764 F. Supp. 2d 714, 721 (E.D. Pa. Jan. 26, 2011).

Here, Plaintiff has failed to point to any evidence demonstrating that inaccurate information was included in his credit file. (*See generally* Motion, ECF No. 60). Rather, Plaintiff simply makes conclusory statements that he "discovered incorrect information on his credit file" and that he advised Defendant of the inaccuracies by letter. (*Id.* at ¶ 25). But Plaintiff fails to offer any further factual detail or information regarding the purported inaccuracies such as the accounts were fraudulent, the amounts reportedly owed were inaccurate, the information was outdated, or that he

was the victim of identity theft. Indeed, the undisputed facts in the record demonstrate that each of the accounts Plaintiff appears to challenge was verified by the respective furnisher of information and the information reported to Defendant was accurate. (Defs. SOMF, ECF No. 61-1 at ¶¶ 27, 30).

Specifically, upon receipt of the Dispute Letter, Defendant issued ACDV forms to Bank of America, First Premier Bank, Macy's, and Chrysler Capital. (*Id.* at ¶ 26). Each furnisher verified that the information in Plaintiff's credit file was accurate. (*Id.* at ¶ 27). In regard to the Nordstrom/TD Bank account, Defendant did not seek to verify this information because the dispute had been previously processed and "the credit grantor [ ] verified its accuracy." (*Id.* at ¶ 30). Accordingly, the undisputed facts establish that the information included in Plaintiff's credit file was accurate as the information was verified by the furnishers of information. And as to the inquiries listed in Plaintiff's report, Defendant advised Plaintiff in its August 5, 2022 letter that Defendant verified the information was accurate. (*Id.* at ¶ 29).

As such, Defendant is entitled to summary judgment as to Plaintiff's Section 1681i(a) and 1681e(b) claims, and Plaintiff's Motion as to these claims is denied.

While Defendant's Cross-Motion is granted as to Plaintiff's Section 1681i(a) and 1681e(b) claims on the basis of accuracy alone, the Court will briefly address the additional grounds under which Defendant is entitled to summary judgment.

### 2. Section 1681e(b) – Reasonable Procedures Claim

Even if the information provided in Plaintiff's credit file was inaccurate, Defendant is nevertheless entitled to summary judgment as to Plaintiff's Section 1681e(b) claim because Plaintiff has failed to proffer evidence that Defendant's policies and procedures were unreasonable. (Cross-Motion, ECF No. 61-2 at 12).

Section 1681e(b) requires that CRAs "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). Here, Plaintiff merely argues in conclusory fashion that Defendant "failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff . . . ." (Motion, ECF No. 60 at ¶ 9). This is insufficient to survive summary judgment. *Williams v. Experian Info. Sols., Inc.*, No. 14-8115, 2016 WL 3466089, at *5 (D.N.J. June 21, 2016). Conversely, Defendant included a detailed description of the procedures it has in place to ensure the accuracy of its consumer credit reports, which, among other things, include working with credit grantors to ensure that they supply the most complete and accurate data possible, and conducting multiple levels of review of all incoming data. (Defs. SOMF, ECF No. 61-1 at ¶ 13). Plaintiff failed to proffer evidence challenging the reasonableness of these procedures. Thus, Defendant is entitled to summary judgment as to Plaintiff's Section 1681e(b). *Chijioke v. Equifax Info. Servs., LLC,* No. 19-4006, 2021 WL 2005499, at *4 (E.D. Pa. May 20, 2021) (granting summary judgment as to the plaintiff's Section 1681e(b) claim because the defendant relied on a furnisher to provide accurate account information, the court deemed such reliance reasonable, and the plaintiff failed to produce evidence demonstrating otherwise); *see also Serfess v. Equifax Credit Info. Servs.*, No. 13-406, 2014 WL 4272032, at *6–7 (D.N.J. Aug. 28, 2014). Plaintiff's Motion in this regard is denied for the same reasons.

3. Section 1681i – Reasonable Reinvestigation Claim

Defendant argues summary judgment should be granted as to Plaintiff's 15 U.S.C. § 1681i(a) claim as he has failed to proffer evidence that Defendant did not conduct a reasonable reinvestigation in response to his Dispute Letter. (Cross-Motion, ECF No. 61-2 at 13–16). Plaintiff, again, merely argues in conclusory fashion that Defendant's reinvestigation was unreasonable

10

because it failed to provide "proof of verification and copies of correspondence with any entity communicated with by the Defendant with regard[ ] to the disputed amounts." (Motion, ECF No. 60 at ¶¶ 27–28). However, Plaintiff offers no evidence to support this position. More importantly, Plaintiff even alleged in his Complaint that Defendant responded to his Dispute Letter on August 5, 2022, and attached the first page of Defendant's response as an exhibit. (Defs. SOMF, ECF No. 61-1 at ¶ 28). As such, the undisputed evidence shows that in response to Plaintiff's disputes, Defendant conducted a reinvestigation that consisted of contacting the respective furnishers (i.e., Bank of America, First Premier Bank, Macy's, and Chrysler Capital) by submitting an ACDV form and requesting that each furnisher verify the information contained in Plaintiff's credit file. (*Id.* at ¶ 26). Each furnisher then verified the information reported, and Defendant transmitted the results to Plaintiff. (*Id.* at ¶ 27). Thus, Defendant is entitled to summary judgment on Plaintiff's Section 1681i claim because he has not demonstrated that Defendant failed to follow reasonable procedures when reinvestigating his disputes. *Serfess*, 2014 WL 4272032, at *7 (granting summary judgment as the plaintiff failed to produce evidence that the defendant "failed to follow reasonable procedures in investigating his disputes, as [Section] 1681i requires").[4] Plaintiff's Motion in this regard is denied for the same reasons.

---

[4] While Plaintiff did not assert a claim under Section 1681s-2 in his Complaint, he referenced this section in his interrogatory responses. (Cross-Motion, ECF No. 61-2 at 15). Regardless, Plaintiff cannot pursue a claim under Section 1681s-2(a) because there is no private right of action thereunder. *Seamans v. Temple Univ.*, 744 F.3d 853, 864 (3d Cir. 2014); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011); *Paredes v. Sallie Mae*, No. 11-2470, 2011 WL 5599605, at *2 (D.N.J. Nov. 16, 2011). Nor can Plaintiff pursue a claim under Section 1681s-2(b) as this provision sets forth the duties of furnishers of information to CRAs; it does not set forth the general responsibilities of the CRAs themselves such that a consumer may sue a furnisher of information thereunder but not a CRA. *Burrell v. DFS Servs., LLC*, 753 F. Supp. 2d 438, 446 (D.N.J. 2010); *Armour v. Sallie Mae, Inc.*, No. 10-3740, 2010 WL 3724524, at *2 (D.N.J. Sept. 14, 2010).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (ECF No. 60), is **DENIED**, and Defendant's Cross-Motion for Summary Judgment, (ECF No. 61), is **GRANTED**. An appropriate Order accompanies this Opinion.

*[signature: Christine O'Hearn]*
**CHRISTINE P. O'HEARN**
**United States District Judge**